83 N.J. Super. 583 (1964)
200 A.2d 627
HARRY J. HESS, JR., PLAINTIFF-RESPONDENT,
v.
SALLY M. HESS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 6, 1964.
Decided May 21, 1964.
Before Judges GOLDMANN, KILKENNY and COLLESTER.
*584 Mr. William J. McGovern argued the cause for appellant (Messrs. McGovern & Roseman, attorneys).
Mr. Albert P. Trapasso argued the cause for respondent.
PER CURIAM.
Defendant Sally Hess appeals from a judgment nisi of divorce entered in the Chancery Division in favor of plaintiff Harry Hess, Jr. upon a finding by the court that she had been guilty of adultery. Her grounds of appeal are (1) the judgment was contrary to the weight of the evidence, (2) the trial court improperly gave weight to the fact that the correspondent failed to testify, and (3) the trial court improperly refused to allow defendant to inspect a report of plaintiff's private investigator and to cross-examine the witness thereon.
[The court found that, although the proofs were circumstantial, there was ample evidence to support the trial judge's determination. It found no merit in defendant's second contention.]
Defendant's concluding argument is that the trial court erred when it denied defense counsel's request to examine the written report of plaintiff's private investigator, Jennings, and to cross-examine the witness thereon.
Jennings had the report in his possession at the trial but did not use the same while testifying. However, he admitted that he had read the report several days prior thereto in order to refresh his recollection from the contents thereof.
In State v. Mucci, 25 N.J. 423, 436 (1957), the court held that a defendant in a criminal case was permitted to examine the transcript of testimony given before the grand jury which witnesses had used to refresh their recollections before trial. The court recognized that permission to examine such writings rests in the sound discretion of the trial judge, but found that there had been an abuse of discretion in that case. In State v. Hunt, 25 N.J. 514 (1958), the court held that a defendant in a criminal case was entitled to inspect and use on cross-examination the notes of a State's witness, even *585 though the witness had not used them to refresh his recollection. We find no persuasive reason why the rule in Mucci and Hunt should not apply in civil trials. See 3 Wigmore, Evidence (3d ed. 1940), § 762, p. 111.
At the oral argument of this appeal the Jennings report was produced and examined by defense counsel. Thereafter, by agreement between counsel, it was received in evidence under our original jurisdiction. We have read the report and compared its contents with the testimony given by Jennings at the trial. We find no substantial differences between the report and such testimony.
The production of the report and its use on cross-examination at the trial would have been for the purpose of testing the credibility and accuracy of the testimony given by Jennings on his direct examination. Since we find no substantial variation between the report and such testimony, we are satisfied that defendant suffered no prejudicial error in the nonproduction of the report and its use for purposes of cross-examination at the trial.
The judgment of the Chancery Division is affirmed.